IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| ALICIA DE LA CRUZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-10-263 |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § § | |

### ORDER

BE IT REMEMBERED that on July 16, 2012, the Court considered Plaintiff's Motion to Strike Defendant's Offer of Judgment, Dkt. No. 65, Defendant's response, Dkt. No. 73, and Plaintiff's reply, Dkt. No. 77.

On September 19, 2011, Defendant filed its offer of judgment to Plaintiff. *See* Dkt. No. 24. Plaintiff moves to strike the offer of judgment, arguing that (1) an offer of judgment should be filed only if accepted by the offeree, and (2) the offer here was improper because it was conditional. Defendant responds that it properly served the offer on Plaintiff, and that striking the filed offer of judgment would not strike the offer itself.

Federal Rule of Civil Procedure 68 provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued" and that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(a) and (d). "Rule 68 . . . removes the presumption [to award costs] in favor of the prevailing party, and provides for the assessment of costs against a prevailing plaintiff who obtains a judgment less favorable than the offer of judgment made by defendant." *Barrow v. Greenville Independent School Dist.*, 2005 WL 1867292, at *18 (N.D. Tex. Aug. 5, 2005) (quoting *Pub. Interest Research Group, Inc. v. Struthers-Dunn, Inc.*, 1988 WL

147639, at *2 (D.N.J. Aug. 16, 1988)). The operation of Rule 68 entry of judgment is mandatory and does not permit court discretion. *Fierros v. Texas Dep't of Health*, 2005 WL 357668, at *3 (W.D. Tex. Feb. 3, 2005) (citing *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir. 1986); 12 Wright, Miller & Marcus, Federal Practice & Procedure: Civil § 3006, at 120 (2d ed. 1997)).

### 1. Premature Filing

Plaintiff argues that Defendant improperly filed its offer of judgment. If a plaintiff chooses to accept an offer of judgment, "either party may file the offer and acceptance with the clerk of the court, who shall then enter judgment." *Ramming v. Natural Gas Pipeline Co. of America*, 390 F.3d 366, 370 (5th Cir. 2004). The accepted offer of judgment, however, should be filed only if accepted by the plaintiff. *See Scottsdale Ins. Co. v. Tolliver*, 262 F.R.D. 606, 610 (N.D. Okla. 2009) (citing *Ramming*, 390 F.3d at 370). Defendant filed its offer of judgment prematurely because Plaintiff never accepted the offer, thus striking the offer of judgment is proper here. *See Dieujuste v. R.J. Elec., Inc.*, 2007 WL 2409831, at *1 (S.D. Fla. Aug. 21, 2007) ("When an offer [under Rule 68] is erroneously filed, a motion to strike it from the court's file is routinely granted.").

### 2. Unconditional Offer

Plaintiff also argues that Defendant's offer of judgment was improper because it was conditioned upon Plaintiff agreeing to a Full and Final Release and Indemnity Agreement. The language of an offer of judgment is construed according to ordinary contract principles. *See Roska v. Sneddon*, 366 Fed. App'x 930, 938 (10th Cir. 2010); *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995); *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992). A Rule 68 offer of judgment "must specify a definite sum or other relief for which judgment may be entered and must be unconditional." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011); *Roska*, 366 Fed. App'x at 939; 12 Wright, Miller & Marcus, Federal Practice & Procedure: Civil § 3002 (1973).

The Tenth Circuit has explained that in the context of Rule 68, "an unconditional offer means a definite and certain offer to pay for the plaintiff's

damages and accrued costs with defendant's clear agreement to allow judgment to enter against him or her." *Roska*, 366 Fed. App'x at 939. Rule 68 itself implies that certain terms, or conditions, may be included within the offer of judgment. Fed. R. Civ. P. 68(a) ("[A] party defending against a claim may serve on an opposing party an offer to allow judgment *on specified terms* . . . .") (emphasis added). Other courts have permitted Rule 68 offers to be valid on certain conditions. *See Roska*, 366 Fed. App'x at 939 (finding an offer "unconditional" where it was "in consideration for a dismissal" of the lawsuit); *Amati v. City of Woodstock*, 176 F.3d 952, 958 (7th Cir. 1999); (conditioning offer on acceptance by all plaintiffs qualifies for Rule 68); *Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) (same); *Longfellow v. Jackson County*, 2007 WL 2027126, at *3 (D. Or. July 5, 2007) (an offer stating plaintiff was waiving appellate rights did not create a condition but merely stated the consequences of accepting the offer of judgment). Specifically, "Rule 68 does not require that offers of judgment include[ ] admissions of liability." *Barrow*, 2005 WL 1867292, at *19 (quoting *Jolly v. Coughlin*, 1999 WL 20895, at *8 (S.D.N.Y. Jan. 19, 1999)); *Mite v. Falstaff Brewing Corp.*, 106 F.R.D. 434, 435 (N.D. Ill. 1985) (offer not defective on account of "no admission of liability" condition).[1]

In this case, the conditional terms of Defendant's offer of judgment included (1) that Defendant would not admit liability; and (2) that Plaintiff would release all claims and causes of action which had been brought or could have been brought in the lawsuit. *See* Dkt. No. 24. Neither of these terms, however, render Defendant's offer of judgment conditional for Rule 68 purposes under normal contract principles, and therefore the offer of judgment was an "unconditional offer." *See Roska*, 366 Fed. App'x at 939 (offer in exchange for dismissal of lawsuit was unconditional offer); *Barrow*, 2005 WL 1867292, at *19 (offer refusing to admit liability was

---

[1] Certainly some conditional terms will prevent a settlement offer from being a Rule 68 offer of judgment. *See Arbor Hill Concerned Citizens Neighborhood Ass'n, v. Cnty. of Albany*, 369 F.3d 91 (2d Cir. 2004). In *Arbor Hill*, the offer of judgment was conditioned upon the approval of a proposed redistricting plan by the county legislature. The *Arbor Hill* Court held that under normal contract principles it was not an "offer" because the plaintiff's acceptance would not have created a binding contract without further action by the legislative body, rendering the offer of judgment invalid due to improper conditions. *Arbor Hill*, 369 F.3d 95; *see Roska*, 366 Fed. App'x at 939 n.6; *see also Marnell v. Carbo*, 499 F. Supp. 2d 202 (N.D.N.Y. 2007); *Frazier v. Harris*, 218 F.R.D. 173 (C.D. Ill. 2003).

3

unconditional offer). However, even though the Court declines to strike Defendant's offer of judgment based on the terms of the offer, the offer is struck because it was filed prematurely.

Plaintiff's Motion to Strike Defendant's Offer of Judgment, Dkt. No. 65, is **GRANTED**.[2]

DONE at Brownsville, Texas, on July 16, 2012.

*Hilda Tagle*
Hilda G. Tagle
United States District Judge

---

[2] "Striking the premature filing does not, however, equate to striking the offer itself . . . ." *Bechtol v. Marsh & McLennan Companies, Inc.*, 2008 WL 2074046, at *2 (W.D. Wash. May 14, 2008) (citing *Boorstein v. New York*, 107 F.R.D. 31, 33 (S.D.N.Y. 1985)). *Contra Salinas v. State Farm*, No. B-10-CV-194 (S.D. Tex. June 19, 2012) (order entering final judgment) Dkt. No. 167 at 7 (finding offer of judgment invalid in addition to striking where defendant conditioned offer on signing an undisclosed document).